UNITED STATES of America, Appellee,

v.

Corbin PATTERSON, a/k/a
Gup, Appellant.

No. 92–3272.

United States Court of Appeals,
District of Columbia Circuit.

Argued May 16, 1994.

Decided June 21, 1994.

A.J. Kramer, Federal Public Defender, Washington, DC, argued the cause for the appellant. Reita Pendry, Washington, DC, entered an appearance.

Steven D. Mellin, Asst. U.S. Atty., Washington, DC, argued the cause for the appellee. On brief were Eric H. Holder, Jr., U.S. Atty., and John R. Fisher and Roy W. McLeese, III, Asst. U.S. Attys., Washington, DC.

Before EDWARDS, GINSBURG and HENDERSON, Circuit Judges.

Opinion for the court filed by Circuit Judge HENDERSON.

KAREN LECRAFT HENDERSON, Circuit Judge:

Corbin Patterson was convicted on September 15, 1992 of distributing more than 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii). On November 18, 1992 the district court sentenced Patterson to twenty years' imprisonment, to be followed by ten years of supervised release, and imposed a $50 special assessment. Patterson asserts various grounds for reversing his conviction but we need reach only one. Because we conclude the trial court erred in excusing a juror and permitting an eleven-member jury to continue deliberating to a verdict, we reverse Patterson's conviction and remand for a new trial.[1]

Patterson's trial began the afternoon of September 10, 1992. After approximately two days of evidence, the jurors retired to deliberate at 11:18 the morning of September 14 and continued deliberation until they were excused for the day. At 8:15 the following morning one of the jurors, a sixty-eight-year-old woman, called the district court clerk's office to report that she was experiencing severe chest pains and that her doctor wished to see her immediately. The clerk's office, on the judge's authorization, instructed the woman to visit her doctor and to call back afterward. At 11:10 that morning, the judge, having heard nothing further from the juror, informed the defendant and counsel of what had occurred and asked if the defendant would stipulate to an eleven-member jury. Defense counsel declined, suggesting such a stipulation was premature given that no one knew the seriousness of the juror's condition or when she might be able to return. She also moved at that time for a mistrial. The judge denied the motion for mistrial and announced that the trial would resume immediately without the missing juror. He explained:

> I am influenced by the fact that this jury has had a special opportunity to review and rereview those particular tapes.[2] They're into this. They're in the process. They may or may not reach a verdict.
>
> The fact that a 68–year–old woman reports that she's having severe chest pains, has gone to the doctor, and has been gone two and a half hours now suggests to me that this is not a transient thing. It is unlikely that delay later in the day would cure the situation.
>
> I am persuaded that the eleven continuing jurors are as likely to reach a fair verdict or to fail to agree as any other twelve we can pick.

Appendix of Appellant at 90–91. The judge then called the jury into the courtroom and instructed it to resume deliberation without the twelfth juror. At 4:45 that afternoon, the eleven-member jury returned a guilty verdict. Patterson contends the judge's summary excusal of the twelfth juror violated his right under Federal Rule of Criminal Procedure 23(b) to a twelve-member jury and that his conviction must therefore be reversed. We agree.

Rule 23(b) provides:

---

1. All of the other grounds argued involve alleged trial errors and therefore, in light of our disposition, need not be addressed.

2. The government's evidence included tape recordings of a telephone conversation between Patterson and an informant and of an alleged drug transaction between Patterson and an undercover police officer.

**(b) Jury of Less Than Twelve.** Juries shall be of 12 but at any time before verdict the parties may stipulate in writing with the approval of the court that the jury shall consist of any number less than 12 or that a valid verdict may be returned by a jury of less than 12 should the court find it necessary to excuse one or more jurors for any just cause after trial commences. Even absent such stipulation, if the court finds it necessary to excuse a juror for just cause after the jury has retired to consider its verdict, in the discretion of the court a valid verdict may be returned by the remaining 11 jurors.

Fed.R.Crim.P. 23(b). In *United States v. Essex,* 734 F.2d 832 (D.C.Cir.1984), this court, construing the first sentence of rule 23(b), made it clear that before excusing a juror and permitting deliberation by a jury of fewer than twelve the trial judge must, as the language of the rule requires, make a finding that it is "necessary" to excuse the juror for "just cause." In *Essex* one of the jurors failed to appear as scheduled and the trial judge, over defense counsel's objection, permitted deliberation to continue without making any effort to locate the missing juror or learn the reason for his absence. On appeal this court concluded that the judge had violated his "clear duty to determine the whereabouts of the missing juror and make a finding that there was just cause for excusing him." 734 F.2d at 842. Unable to ascertain any just cause from the record, the court reversed the conviction and remanded for a new trial. We find the situation here little different and, accordingly, reach the same result.

Like the trial judge in *Essex,* the judge below made no attempt to learn the precise circumstances or likely duration of the twelfth juror's absence. Instead, less than three hours after authorizing the juror's doctor visit, he invoked rule 23(b) to excuse her from duty and permit deliberation by an eleven-member jury. His expressed confidence in the remaining jurors' ability to assess the evidence and reach a verdict did not relieve him of his duty under rule 23(b) to find just cause making it necessary to excuse the absent juror. Further, the juror's age and the nature of her complaint do not by themselves support the inference that she would be unable to complete her service. She might have been able to return to court in short order or she might have had a serious medical problem precluding further participation in the trial. We have no way of knowing because the trial judge made no effort to find out. "Since (1) the record is silent, and (2) the court must 'find' just cause on the record, and (3) the case must be affirmed or reversed on the record, and (4) there is nothing in the record to support the court's action, the case must be reversed." *Essex,* 734 F.2d at 842. Accordingly, we remand for a new trial.

*So ordered.*