[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 97-9032

_____

D. C. Docket No. 97-CR-79-ODE

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
12/31/98
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID OMER SPENCE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(December 31, 1998)**

Before ANDERSON and BARKETT, Circuit Judges, and HILL, Senior Circuit Judge.

ANDERSON, Circuit Judge:

David Omer Spence appeals his conviction and sentence for firearms offenses, arguing that the district court abused its discretion by excusing an ill juror and proceeding with only eleven jurors who rendered the verdict against him. We reverse and remand for a new trial.

Spence was tried before a jury in federal district court for three counts of firearms violations. The trial began on Thursday, May 29, 1997. Both sides rested toward the end of the day on Friday, May 30. The jury was excused for the weekend and returned on Monday, June 2, for the closing arguments and the charge to the jury. The jury began deliberations about 11:20 a.m. on that day. At about 3 p.m. on that day, the court was advised that one of the jurors had taken ill. This juror had become nauseated and requested the assistance of a nurse. The nurse determined that the juror was experiencing a reaction to an antibiotic medication because she had not eaten that morning.

The court consulted with counsel regarding how to proceed. Defense counsel suggested that the jury be sent home for the day, given the possibility that the ill juror might be well enough in the morning to be available. The court disagreed, concerned that postponing deliberations until the morning might cause some jurors to lose interest, and noting that the three-day trial had already been broken up by a weekend. Over Spence's counsel's objection, the court excused the ill juror from the case and instructed the remaining eleven jurors to continue their deliberations pursuant to Fed. R. Crim. P. 23(b).

The eleven-person jury returned a verdict of guilty on Count Three, possession of firearms by a convicted felon in violation of 18 U.S.C. § 922(g).[1] Spence was sentenced to 105 months imprisonment followed by three years of supervised release. Spence filed a timely appeal from his

---

[1] The jury was unable to reach a unanimous verdict on the first and second counts of the indictment. Therefore the court declared a mistrial as to those counts.

conviction and sentence, alleging, among other things, that the district court abused its discretion by proceeding with the eleven-person jury.

We review the district court's decision to permit an eleven-member jury to deliberate to a verdict for abuse of discretion.[2] United States v. Shenberg, 89 F.3d 1461, 1472 (11th Cir. 1996), cert. denied, 117 S. Ct. 961 (1997); United States v. Wilson, 894 F.2d 1245, 1250 (11th Cir.), cert. denied, 497 U.S. 1029 (1990). The district court's decision in this regard was predicated on Fed. R. Crim. P. 23(b). That Rule provides in pertinent part:

> [I]f the court finds it necessary to excuse a juror for just cause after the jury has retired to consider its verdict, in the discretion of the court a valid verdict may be returned by the remaining 11 jurors.

This provision was added to Rule 23(b) in 1983.[3] The advisory committee notes pertaining to the 1983 amendment explain the basis for this grant of discretion:

> This situation is that in which, after the jury has retired to consider its verdict and any alternate jurors have been discharged, one of the jurors is seriously incapacitated or otherwise found to be unable to continue service upon the jury. The problem is acute when the trial has been a lengthy one and consequently the remedy of mistrial would necessitate a second expenditure of substantial prosecution, defense and court resources . . . .
>
> It is the judgment of the Committee that when a juror is lost during deliberations, . . . it is essential that there be available a course of action other than mistrial.

---

[2] We note at the outset that no constitutional issues are raised by this case. See Williams v. Florida, 399 U.S. 78, 102-03, 90 S. Ct. 1893, 1907, 26 L. Ed. 2d 446 (1970) (holding that the number 12 has no constitutional significance and that access to a 12-member jury is not a constitutional right of defendants); United States v. Gabay, 923 F.2d 1536, 1543 (11th Cir. 1991) ("We agree . . . that Rule 23(b) is constitutional. It is clear that under appropriate circumstances twelve-member juries are not required.").

[3] Prior to 1983, Rule 23(b) authorized juries or fewer than 12 only upon stipulation of the parties. The 1983 amendment conferred discretion upon the trial court to proceed with fewer than 12 sua sponte.

3

Fed. R. Crim. P. 23, 1983 adv. comm. note. The note also sums up the trial court's options. First, "[i]f the trial has been brief and not much would be lost by retrial, the court might well conclude that the unusual step of allowing a jury verdict by less than 12 jurors absent stipulation should not be taken." Id. However, "if the trial has been protracted the court is much more likely to opt for continuing with the remaining 12 jurors." Id.

Spence contends that there was not just cause for the dismissal of the juror. Rule 23(b) itself does not define "just cause." The cases dealing with Rule 23(b) have been highly fact-intensive, and do not lend themselves easily to general precepts. The leading case on point in this circuit is United States v. Wilson, 894 F.2d 1245 (11th Cir.), cert. denied, 497 U.S. 1029 (1990). In Wilson, on the sixth day (a Friday) of the jury's deliberations in a nine-week criminal trial of multiple defendants for various drug offenses, one juror became ill. She was unable to return to continue deliberations on the following Monday because of her continuing illness--an abscessed tooth that could not be treated with medication because she was pregnant. When she called the court clerk on Sunday to inform him of the circumstances, "[s]he expressed hope that she would be able to return on Tuesday." Id. at 1249. On Monday, the district judge excused the juror for just cause under Fed. R. Crim. P. 23(b) and allowed the remaining eleven jurors to continue their deliberations. The eleven-member jury returned a unanimous verdict convicting the defendants.

On appeal, the defendants made arguments similar to those made by Spence in the instant case: "that the district court invoked Rule 23(b) too hastily" and that "the district court had an affirmative duty to investigate the juror's absence by contacting the juror or her doctor." Id. at 1250. We held that the district court did not abuse its discretion by excusing the ill juror and continuing deliberations with the remaining eleven. In Wilson, the health problems that culminated in the

4

juror's having to leave on the sixth day of deliberations were not a new phenomenon; the district court had observed this juror battling health problems throughout the course of the trial, and her capability to continue to serve had been in question because of past illness. At one point, the juror appeared to be ill and was crying. When she was late for court on another occasion due to a flat tire, the other jurors reported that she had been feeling ill on the previous day. A few days later she informed the court that she had been taken to the hospital the previous evening, and that her doctor was afraid she might miscarry her baby. Under these circumstances, "the district judge was entitled to conclude that [the juror] might not return the following day as she had hoped, and that even if she had she might become ill again, further delaying the deliberations." Id. at 1250.

The Wilson opinion distinguished United States v. Essex, 734 F.2d 832 (D.C. Cir. 1984). There, the D. C. Circuit had imposed on trial judges an affirmative duty to investigate the circumstances surrounding a missing juror's absence before continuing with 11. The Wilson opinion noted that the trial court in Essex had made no investigation regarding the missing juror and had made no express finding of just cause. By contrast, in Wilson, the district court had made a clear finding of just cause, and the record supported the finding. The juror had become ill during jury deliberations on Friday, causing the court to recess early for the weekend. Then, in a telephone call on Sunday, the juror reported her continuing illness and explained that her abscessed tooth could not be treated with medication because she was pregnant. Noting that the district court's dismissal of the juror was based upon the foregoing information about her most recent illness, and also the

5

juror's history of illness throughout the trial, we held that the district court had conducted "sufficient inquiry." 894 F.2d at 1251.[4]

Wilson suggests that our review of a district court's decision to dismiss a juror for just cause and proceed with 11 jurors pursuant to Rule 23(b) should afford appropriate deference to the district court which is obviously in a better position to evaluate the circumstances,[5] and that we should reverse only for abuse of discretion. However, Wilson also indicates that a district court's finding of just cause should be based upon "sufficient inquiry." See Wilson, 894 F.2d at 1251; accord Gibson, 135 F.3d at 260 (affirming the dismissal of a juror under circumstances similar to those obtaining in Wilson and holding that the district court had "sufficient information" to make an informed decision).[6]

Thus, we must decide in this case whether the district court's decision was based upon sufficient inquiry. Our concern in this case focuses on the fact that everything that the district court knew in this case indicated that the juror would be able to return in the morning. The nurse had indicated that the juror was experiencing a reaction to an antibiotic medication because she had not eaten earlier that morning. There is no indication that this problem, or any other problem, might

---

[4]    Wilson also indicates that another factor may be relevant – i.e., whether there is any reason to believe that the juror is a holdout. The parties do not argue that this factor is relevant in the instant case.

[5]    See United States v. Gonzalez-Soberal, 109 F.3d 64, 68 (1st Cir. 1997); United States v. Gibson, 135 F.3d 257, 259 (2d Cir. 1998) (per curiam).

[6]    We need not decide whether the "sufficient inquiry" standard adopted in Wilson, and confirmed here, is significantly different from the affirmative duty standard mentioned by the D. C. Circuit in Essex and other cases. See United States v. Patterson, 26 F.3d 1127, 1129 (D.C. Cir. 1994); United States v. Araujo, 62 F.3d 930, 934 (7th Cir. 1995). We need only decide in this case whether there has been "sufficient inquiry."

6

recur.[7]  The instant case is very different from <u>Wilson</u>, where there was a history of health problems and ample indication that retaining the juror would risk substantial delay.  Unlike <u>Wilson</u>, there is nothing in this record to support a conclusion that the juror might not return the following day.  We are also concerned in this case because the district court's decision was made at approximately 3 p.m. in the afternoon, and thus a recess for the remainder of the day would have cost only a loss of two hours.[8]

Notwithstanding the broad deference we properly accord to a district court's decision in this context, we cannot conclude that the record reveals just cause, when the record indicates a likelihood that the juror could return the next day and thus the dismissal would probably save merely two hours of trial time.  We have found no cases which have approved dismissal of a juror under circumstances similar to this case.  To the contrary, cases involving similarly short periods of delay and comparable likelihood of the indisposed juror's return have reversed a district court's Rule 23(b) dismissal of a juror.  <u>See</u> <u>United States v. Araujo</u>, 62 F.3d 930 (7th Cir. 1995) (absent juror telephoned, was having problems with his automobile, and was stranded on the side of the road); <u>United States v. Tabacca</u>, 924 F.2d 906 (9th Cir. 1991) (absent juror informed the court that his wife had taken his car keys and that he had no other transportation to reach the courthouse that day).

In light of our conclusion that the district court abused its discretion by dismissing the juror without just cause, we need not reach the several other arguments asserted by appellant on appeal.  The judgment of the district court is reversed and the case is remanded for a new trial.

---

[7]     Indeed, in objecting to the district court's decision, defense counsel made this very point.

[8]     Defense counsel also made this point in his objection, noting that the court would normally have recessed in any event at 5 p.m., which was just two more hours.

REVERSED AND REMANDED.